Filed 3/17/21  P. v. Monroe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>D'ANDRE LEON MONROE,<br><br>      Defendant and Appellant. | C090193<br><br>(Super. Ct. No. 10F05343) |

Defendant, D'Andre Leon Monroe, appeals following remand to allow the trial court to exercise its discretion whether to dismiss gun enhancements under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Pen. Code, §§ 12022.5, subd. (c), 12022.53, subd. (h); undesignated statutory references are to the Penal Code) and, if appropriate, to resentence defendant.

In his opening brief, defendant contended the trial court was required to recalculate his presentence custody credits at his resentencing.  In his reply brief,

1

defendant concedes, as he was not resentenced, he is not entitled to have his credits recalculated.  We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

A jury found defendant guilty of second degree murder (§ 187) and shooting a gun at an inhabited dwelling (§ 246).  (*People v. Monroe* (Aug. 23, 2018, C077506) [nonpub. opn.] at pp. 1, 6 (*Monroe*); we deemed defendant's request for judicial notice of our unpublished decision, *Monroe*, a motion to incorporate by reference and granted the motion.)  The jury further found defendant was armed with a firearm (§ 12022, subd. (a)(1)), personally used a firearm (§ 12022.5, subd. (a)), and personally discharged a firearm causing death (§ 12022.53, subds. (b), (c), & (d)).  (*Monroe,* at pp. 1, 6.)  The trial court sentenced defendant to 40 years to life, comprised of 15 years to life for murder and an additional consecutive term of 25 years to life for personally and intentionally discharging a firearm causing death.  (*Id.* at p. 8.)

Defendant appealed the judgment on several grounds.  We affirmed defendant's conviction but also "remanded to the trial court to exercise its discretion whether or not to dismiss gun enhancements under Senate Bill No. 620 (§§ 12022.5, subd. (c), 12022.53, subd. (h)) and, if appropriate, resentence defendant accordingly."  (*Monroe, supra*, C077506 at p. 31.)  The opinion further ordered the trial court correct the abstract of judgment to change the count number for the murder conviction and state that the enhancements were not stricken.  (*Ibid.*)

At the August 9, 2019 hearing on remand, the trial court declined to exercise its discretion to strike the firearm enhancement in the interests of justice.  The trial court then filed a corrected abstract of judgment consistent with our directions in *Monroe*, which accurately reflected the same sentence that the trial court originally imposed.  (*Monroe, supra*, C077506 at p. 8.)  Defendant sent a letter to the trial court, asking it to

2

recalculate defendant's presentence custody credits up to August 9, 2019, in accordance with section 1237.1.

Receiving no response from the trial court, defendant appealed, arguing the case should be remanded to recalculate his presentence custody credits as of August 9, 2019. After defendant submitted his opening brief, he received a copy of the trial court's ruling, which the trial court had issued immediately prior to defendant's appeal. The ruling denied defendant's request on the grounds that the August 9, 2019, hearing was not a "resentencing" hearing and defendant was not actually resentenced. It further reasoned that the amended abstract of judgment was issued nunc pro tunc to the original sentencing date, and thus the abstract of judgment was retroactive and did not create a new sentencing date. The People then filed their response on appeal, arguing that defendant is not entitled to a recalculation of presentence credits.

On reply, defendant correctly concedes that because he was not resentenced, the trial court was not required to recalculate his presentence credits. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 [a defendant is restored to presentence status for purposes of presentence credit calculations where a defendant's felony sentence is modified, but not where a defendant's sentence is remanded for a limited correction of sentencing errors].) We agree with the parties and conclude defendant's claim lacks merit.

DISPOSITION

The judgment is affirmed.

                             _____

                             HULL, J.

We concur:

_____

RAYE, P. J.

_____

HOCH, J.